UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | | |
|---|---|---|
| WILLIE A. EVANS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. CV611-110 |
| GENERAL ELECTRIC COMPANY, | ) | |
| J.C. PENNEY CORPORATION, | ) | |
| INC., and LOWE'S HOME | ) | |
| CENTERS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

On October 19, 2011, the Court entered an order granting plaintiff Willie Evans an opportunity to amend his Fair Credit Reporting Act ("FCRA") complaint to attempt to set forth a cognizable claim for relief. (Doc. 3.) He has complied, but his amended complaint still fails to state a claim for relief.[1] Accordingly, this case should be dismissed.

Evans alleges that defendants noted charge-offs on several credit reporting agency reports that he felt were unwarranted. (Doc. 4 at 2.)

---

[1] Evans is proceeding in forma pauperis. (Doc. 3.) Accordingly, the Court will screen his complaint under 28 U.S.C. § 1915(e)(2)(B), which requires dismissal where an action or appeal is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief.

He disputed the charge-offs with Experian, one of the credit reporting services, which then submitted an "automated consumer dispute verification form" to the defendants. (*Id.*) Despite the notification, defendants failed to report the dispute on Evans' Experian report. (*Id.*) When he notified Experian, it told him that any further contact should be directed to the defendants. (*Id.* at 3.)

Evans raises two claims for relief. First, he contends that defendants violated under 15 U.S.C. s 1681s-2(b)(1) by failing to note the dispute on his Experian report. (*Id.* at 4.) Second, he claims that they were "intentional[ly]" negligent and should be held liable for his emotional and mental distress. (*Id.*) He seeks, among other things, compensatory and punitive damages. (*Id.* at 4, 5.)

Evans, however, still fails to state a plausible claim for relief under the standards set forth in *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009), and *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). As the Court explained in its prior order, § 1681s-2(b), which provides a private right of action, requires individuals or entities who furnish information to consumer credit reporting agencies to undertake a number of steps when they receive a notice of dispute from a reporting

agency.[2] *Id.*; *see McReynolds v. Ally Financial*, No. CR611-056, doc. 12 at 2 (S.D. Ga. Nov. 7, 2011), *reported at* 2011 WL 5358702. The entity "must [then] conduct an investigation, review all of the relevant information the individual or entity provided to the consumer reporting agency, and report the results of the investigation to the [reporting] agency." *McReynolds*, No. CR611-056, doc. 12 at 2 (citing § 1681s-2(b)). Additional steps are required if the entity discovers the report to be false. *Id.*

Here, Evans complains that the defendants, as entities providing information to a credit reporting agency, failed to note a dispute on his credit report in violation of 15 U.S.C. § 1681s-2(a). (Doc. 4.) But as previously explained, enforcement of § 1681s-2(a) is reserved to government agencies and officials. (Doc. 3 at 3 (citing, *inter alia*, *Chipka v. Bank of America*, 355 F. App'x. 380 355 F. App'x 380, 383 (11th Cir. 2009).) Hence, Evans cannot backdoor a claim under § 1681s-2(a) through § 1681s-2(b). To state a claim under the privately enforceable § 1681s-2(b), Evans must offer facts suggesting that the defendants failed

---

[2] In his initial complaint, Evans failed to offer any facts showing that defendants had received a notice of dispute. (Doc. 3 at 3-4.) The Court thus permitted him an opportunity to amend his complaint. (*Id.* at 5.)

to conduct the required investigation. Evans has not offered any such facts, so he has failed to state a facially plausible claim for relief against defendants under the FCRA. Since he has failed to state a federal question, jurisdiction under 28 U.S.C. § 1331 is lacking, and the Court declines to retain supplemental jurisdiction over his tort claims. *See* 28 U.S.C. § 1367(c) (the Court "may decline to exercise supplemental jurisdiction over a claim . . . if -- (3) [it] has dismissed all claims over which it has original jurisdiction"). Accordingly, his case should be **DISMISSED**.

**SO REPORTED AND RECOMMENDED** this  1st  day of February, 2012.

*[signature]*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA